IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                    *
DIANA K. LIVINGSTON,
                                    *
     Plaintiff,
                                    *
          v.                            CIVIL NO.: WDQ-05-3401
                                    *
DATEX-OHMEDA, INC., ET. AL,
                                    *
     Defendants.
                                    *
```

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Diana K. Livingston sued Datex-Ohmeda, Inc. ("Datex-Ohmeda") and General Electric Co. for unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")[1] and 42 U.S.C. § 1981 (2000). Pending is Livingston's motion for leave to amend her First Amended Complaint. For the following reasons, Livingston's motion will be denied.

I.   Background

Livingston worked at Datex-Ohmeda until she was terminated on May 12, 2004. In July 2004, Livingston filed an Equal Employment Opportunity Commission ("EEOC") charge that she was terminated for engaging in protected activity. The EEOC closed Livingston's file on September 25, 2005 because it was unable to conclude that Livingston's employer had violated the statute. On

---

[1] 42 U.S.C. § 2000, *et seq.* (2000).

December 20, 2005, Livingston filed a *pro se* complaint against

Datex-Ohmeda for violation of Title VII.  In August 2006--by

counsel--Livingston filed an amended complaint, which contained

two counts of retaliation under Title VII and 42 U.S.C. § 1981.

Paper No. 12.  In February 2007, Livingston's attorney withdrew

citing "irreconcilable differences," and on March 23, 2007 George

Rose, Esquire, entered his appearance for Livingston.  Paper No.

30.

II.  Analysis

    A.   Motion for Leave to Amend

    Under Federal Rule of Civil Procedure 15(a), after a

responsive pleading has been served, a party may amend its

pleading "only by leave of court or by written consent of the

adverse party; and leave shall be freely given when justice so

requires."  Fed. R. Civ. P. 15(a).  The Court recognizes that

"leave to amend a pleading should be denied *only* when the

amendment would be prejudicial to the opposing party, there has

been bad faith on the part of the moving party, or the amendment

would be futile."  *Edwards v. City of Goldsboro*, 178 F.3d 231,

242 (4th Cir. 1999) (internal quotation marks omitted).

"Conversely, absence of prejudice, though not alone

determinative, will normally warrant granting leave to amend."

*Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

    A proposed amendment to a complaint is futile if it would

not withstand a motion to dismiss under Rule 12(b)(6).  *Classen*

*Immunotherapies, Inc. v. King Pharm. Inc.*, 403 F. Supp. 2d 451,

459 (D. Md. 2005); *see also Perkins v. United States*, 55 F.3d

910, 916-17 (4th Cir. 1995).  Thus, Livingston would not be

permitted to amend her complaint if the amendment would not

survive a motion to dismiss.  *Classen*, 403 F. Supp. 2d at 459.

Under Rule 12(b)(6), a claim may be dismissed if the

plaintiff has failed to state a claim upon which relief can be

granted.  *Id.*  A motion to dismiss should be granted "only if it

is clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations."

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  The court

"should view the complaint in a light most favorable to the

plaintiff," and "accept as true all well-pleaded allegations."

*Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

B.   Discussion

Datex-Ohmeda argues that Livingston's proposed amendment

should be denied because: (1) the deadline for dispositive

motions is October 31, 2007[2] and a significant amount of

discovery has already been exchanged; (2) it would considerably

widen the scope of litigation and necessitate additional and more

---

[2] On October 18, 2007, the Court granted the parties' Joint Motion to Amend Discovery and Dispositive motions deadline.  The new discovery deadline is December 15, 2007, and the deadline for filing dispositive motions is February 15, 2008.  Paper No. 52.

extensive discovery; (3) Livingston has failed to articulate any excuse for the delay or how justice requires the Court to grant the amendment; and (4) the amendment does not adequately allege a disparate treatment claim.  Def.'s Supp. Mem. at 2.

Livingston claims that her new counsel's investigation has revealed newly relevant facts that support a disparate treatment claim.  Pl.'s Supp. Mem. at 1.  Livingston acknowledges that significant discovery has been completed, but notes that discovery remains open, and Datex-Ohmeda may obtain additional facts about her proposed amendment.  Pl.'s Reply Mem. at 3-4.  Livingston also asserts that the amendment is not futile because it arises out of the same facts and law as the retaliation claim, and no undue delay or bad faith is involved.  *Id.*

1.  Undue Delay

Livingston's assertion of "new" counsel does not justify the proposed amendment because her current counsel entered his appearance over six months ago.  Paper No. 30.  Livingston has also failed to identify the new evidence that necessitates a second amendment or state why that evidence was not obtained earlier.  Datex-Ohmeda correctly argues that given Livingston's May 2004 termination, her December 2005 *pro se* complaint, and her August 2006 amended complaint, she has been aware of the circumstances of her discharge for over three years.  Thus, Livingston should have known at the inception of the lawsuit, or

4

at the latest when she first obtained counsel, whether she had been treated differently than other employees based on her race. She has certainly had more than three years in which to conduct an investigation.

2.    Prejudice

An unexcused delay will not bar an amendment if no party will be prejudiced.  *Davis*, 615 F.2d at 613 (4th Cir. 1980). Although discovery has been extended until December 2007, the parties have completed interrogatories and depositions based on Livingston's retaliation claims.  The addition of a disparate treatment claim would materially change the nature of the litigation and broaden the scope of discovery.  Datex-Ohmeda would also be forced to reinvestigate the facts, interview or depose numerous employees, and perhaps duplicate some of its prior discovery, to defend against Livingston's new claim. Accordingly, Livingston's delay in seeking a second amendment is clearly prejudicial to the Defendants.

3.    Futility

Livingston's amendment would be futile because she has not presented a claim for which relief can be granted.  To prevail on a disparate treatment claim for failure to promote, Livingston must establish that: (1) she is a member of a protected group, (2) she applied for the position in question, (3) she was qualified for that position, and (4) the defendants rejected her

5

application under circumstances that give rise to an inference of unlawful discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  Livingston's proposed amendment does not specify the relevant times, positions applied for, or the manner in which the alleged disparate treatment occurred.  Although notice pleading is permitted, Livingston's general accusations of preferential treatment are insufficient to defeat a motion to dismiss.

III. Conclusion

For the above state reasons, Livingston's motion for leave to amend will be denied.


October 29, 2007                    _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge

6